# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-23019-BLOOM/Louis

DOUG LONGHINI,

      Plaintiff,

v.

AVENTURA MALL VENTURE and
J.C. PENNEY CORPORATION, INC.,

      Defendants.

_____/

## <u>ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>

**THIS CAUSE** is before the Court upon Plaintiff Doug Longhini's ("Plaintiff") Motion to Strike Amended Affirmative Defenses, ECF No. [49] (the "Motion"), seeking to strike the affirmative defenses asserted in Defendant Aventura Mall Venture's ("Defendant") Answer, ECF No. [21] ("Answer"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, the applicable law, and the record in this case. For the reasons discussed below and the agreement of the parties, the Motion is granted in part and denied in part.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also BB In Tech. Co.*

*v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See*, *e.g.*, *Sakolsky v. Rubin Mem'l Chapel, LLC*, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty*., Fla., 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. February 15, 2013) (calling Rule 12(f) a "draconian sanction").

In the Motion, Plaintiff argues that all of Defendant's affirmative defenses (numbers 1, 2, 3, 4, 5, 6, 7, 8, and 9) should be stricken. In response, Defendant agrees to withdraw affirmative defenses numbers 1 and 3. In addition, Defendant agrees to withdraw affirmative defenses numbers 2, 4, 5, 7, 8, and 9, and requests that they be treated as general denials. Plaintiff does not oppose Defendant's request. *See* ECF No. [56]. As such, the Court will treat affirmative defenses 2, 4, 5, 7, 8, and 9 as denials. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011); *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372-73 (S.D. Fla. 2013). Finally, Defendant agrees to amend affirmative defense number 6 to state as follows:

> The parking garages are existing facilities that were built prior to the effective date of the ADA, and thus the ADA only requires that Defendant remove barriers where such removal is readily achievable. Accordingly, Defendant need not comply with the applicable ADA standards for new construction and is not required to make any changes, modifications, alterations and/or accommodations that are technically not feasible, structurally

impracticable, and/or would change or alter the usability of the facility.

ECF No. [53]. Plaintiff agrees to Defendant's proposed amendment to affirmative defense number

6. As such, the Court will permit Defendant to assert affirmative defense number 6 as stated above.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion,

**ECF No. [49]**, is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record